IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ED ORTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:16-cv-01479-TMP |
| CALIBER HOME LOANS, *et al.*, | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION**

On September 9, 2016, defendants Caliber Home Loans ("Caliber") and U.S. Bank Trust, N.A. ("U.S. Bank") filed a Motion to Dismiss the Complaint in the instant action. (Doc. 4). The motion has been fully briefed, and the parties have consented to dispositive jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Accordingly, the court enters the following Memorandum Opinion.

### **I.   Background**

The above-styled case arises out of the Ed Orton's ("plaintiff") dispute of the validity of his mortgage. On July 12, 2007, the plaintiff and his spouse executed a promissory note ("the Note") in the amount of $364,000.00 to First Federal Bank.

The Note was secured by a mortgage on property located at 16095 Highway 17, Aliceville, Alabama 35442 ("the Property").  First Federal Bank indorsed the Note to Countrywide Bank, FSB, and Countrywide Bank, FSB, then indorsed the Note to Countrywide Home Loans, Inc. ("Countrywide").  The mortgage was recorded in the Pickens County Property Records on July 23, 2007.

The mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for First Federal Bank.  On September 2, 2011, MERS assigned the mortgage to Countrywide.  The assignment was recorded on September 29, 2011.  On July 24, 2015, the mortgage was assigned from Countrywide to U.S. Bank Trust, N.A., stating, in pertinent part:

> FOR VALUE RECEIVED, the undersigned BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P. . . . hereby grants, assigns and transfers to U.S. BANK TRUST, N.A., AS TRUSTEE FOR ISF9 MASTER PARTICIPATION TRUST . . . all beneficial interest under that certain mortgage/Deed of Trust/Security Deed dated 07/12/2007 executed by PATRICIA ANN ORTON and ED ORTON to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST FEDERAL BANK, ITS SUCCESSORS AND ASSIGNS in the amount of $364,000.00 and recorded on 7/23/2007. . .

(Doc. 1-1, p. 44). The mortgage was recorded on August 31, 2015. At some point thereafter, the defendants began foreclosure proceedings under the mortgage.

On January 9, 2013, the plaintiff filed a Complaint in the Circuit Court of Pickens County, Alabama, which was removed to this court on March 18, 2013, by defendant Bank of America. The lawsuit was styled Orton v. Mathews, *et al.*, Case No. 7:13-cv-00515-RDP ("Orton I"). Orton I was dismissed as to defendant Bank of America on November 1, 2013, for reasons set out *infra*. (Orton I, docs. 21, 22). Orton I was dismissed as to defendant Sandy Matthews[1] for failure to serve on November 13, 2013. (Orton I, doc. 25). The plaintiff filed the instant case in the Circuit Court of Pickens County, Alabama on August 9, 2016.[2] (Doc. 1-1, p. 5). It was removed to this court on September 8, 2016, on the basis of federal diversity jurisdiction.

## II.   Discussion

The defendants allege in the Motion to Dismiss that the Complaint is due to be dismissed because it is barred by either the doctrine of *res judicata* or collateral estoppel. Alternatively, the defendants argue that the Complaint does not satisfy

---

[1] In the case styling of Orton I, defendant Sandy Mathews' name is spelled with a single "t." However, in other orders in the case, her name is spelled "Matthews." The court is unsure which spelling is correct. However, any misspelling has no effect on the instant case.

[2] In the Notice of Removal, defendants indicate that the case was filed in state court on August 9, 2015. (Doc. 1, p. 1). This appears merely to be a typographical error because the state court records indicate that the case actually was filed on August 9, 2016. (Doc. 1-1, p. 5).

3

minimum pleadings standards, is based upon a discredited legal theory, and conflicts with the defendant's right to enforce the note and mortgage.

### a. *Res Judicata* and Collateral Estoppel

First, the defendants argue that the Complaint is barred by either *res judicata* or collateral estoppel due to the litigation and dismissal on the merits of Orton I. The doctrine of *res judicata* prevents a party from re-litigating a claim that already has been litigated to a conclusion. There are four elements that must be established by the movant for *res judicata* to apply: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013), citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

The purpose of the doctrine is to protect litigants from having to re-litigate matters that already have been adjudicated or that could have been adjudicated in a previous lawsuit. See, e.g., Lee L. Saad Construction Co. v. DPF Architects, P.C., 851 So.2d 507 (Ala. 2002). The rationale behind the doctrine is to "mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever

settled between those same parties and their privies." Id. at 516-17, quoting Hughes v. Martin, 533 So.2d 188, 190 (Ala. 1998). *Res judicata* not only bars the filing of claims that were raised in a prior proceeding, but also bars claims that the litigant had the "opportunity" to raise in the earlier proceeding. Id. at 517. Even though a claim may be labeled differently in a subsequent action, it is barred by *res judicata* if it arises from the same "nucleus of operative fact" as the prior claims. Id.

In Orton I the plaintiff filed suit against Bank of America, N.A., and Sandy Mathews. The suit was presented as an attempt to quiet title to the same property at issue in the instant case. The plaintiff argued that because "First Federal Bank kept the note and MERS held the mortgage security instrument[,] . . . the note was separated[,] nullifying the security instrument." (Orton I, Doc. 21, p. 4). As in the instant case, the plaintiff asked for the note, secured by a mortgage, to be voided or set aside. Id. Orton I was dismissed as to defendant Bank of America because: 1) "Plaintiff's Amended Complaint Fails to Evince the Factual Allegations Necessary to Satisfy the Elements of a Quiet Title Action," and 2) "The Fundamental Theory of Plaintiff's Amended Complaint Directly Contradicts Established Alabama Law." (Orton I, Doc. 21, pp. 5, 6). The instant lawsuit is not framed as a quiet title action. However, "two cases involve the same causes of action for *res judicata* purposes when the causes of action arise out of the same nucleus of

operative fact, or are based upon the same factual predicate. It is the substance of the actions, not their form, that is important." McCulley v. Bank of America, N.A., 605 Fed. Appx. 875, 877 (11th Cir. 2015). The instant lawsuit concerns the same note and mortgage on the same property and is based on the same "split-note" theory that the plaintiff addressed in his first lawsuit. The plaintiff also asks for the same relief, that the note on the property be voided. Accordingly, three of the four elements of *res judicata* have been established: there has been a prior judgment on the merits by a court of competent jurisdiction with the same cause of action presented in the previous action that is presented in the current action.

However, the defendants in the instant case are not the same as those in the plaintiff's previous case decided by this court. Therefore, it must be determined whether Caliber and U.S. Bank Trust are "in privity" with the parties in Orton I for purposes of *res judicata* application. The issue of parties in privity was discussed by the Eleventh Circuit in McCulley v. Bank of America, N.A., stating, in relevant part:

> Generally, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Taylor v. Sturgell, 533 U.S. 880, 884, 128 S. Ct. 2161, 2166-67, 171 L. Ed. 2d 155 (2008) (quotation omitted). However, a nonparty is bound by a judgment if he was in privity with a party to that judgment. Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010). Specifically, there are six circumstances in which a court can find privity for

> purposes of *res judicata*: (1) the nonparty agreed to be bound by the litigation of others; (2) a "substantive legal relationship" existed between the person to be bound and a party to the first suit; (3) the nonparty was represented adequately by someone who was a party to the first suit; (4) the nonparty assumed control over the prior litigation; (5) a party attempted to relitigate issues through a proxy; and (6) a statutory scheme foreclosed successive litigation by nonparties. *Id*.

605 Fed. Appx. 875, 877 (11th Cir. 2015). In McCulley, the Eleventh Circuit determined that the district court correctly dismissed the case on the grounds of *res judicata*, partially because the defendant, Bank of America, was in privity with the party to the first suit. 605 Fed. Appx. at 878. In McCulley, Bank of America was the successor mortgage-holder to the defendant in the plaintiff's first suit regarding the same mortgage. The same can be said of the instant case. Defendants Caliber Home Loans and US Bank Trust NA were the successor mortgage-holders of the initial Note made in favor of First Federal Bank. This creates a substantive legal relationship as required by the doctrine of *res judicata*. All requirements for dismissal on the grounds of *res judicata* have been met and, therefore, the plaintiff's Complaint is due to be dismissed on those grounds.

However, even if the court were to determine that the plaintiff's action was not precluded by *res judicata*, it still would be barred under collateral estoppel. In this circuit, the doctrine of collateral estoppel may be applied when the party

asserting collateral estoppel establishes that "(1) the issue at stake is identical to the one involved in the earlier proceeding; (2) the issue was actually litigated in the early proceeding; (3) the determination of the issue [was] a critical and necessary part of the earlier judgment; and (4) the party against whom collateral estoppel is asserted . . . had a full and fair opportunity to litigate the issue." Tampa Bay Water v. HDR Engineering, Inc., 731 F.3d 1171, 1180 (11th Cir. 2013) (internal citation omitted). Unlike *res judicata*, the doctrine of collateral estoppel is not limited to identical parties or parties in privity, as collateral estoppel deals only with issue preclusion. Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468, 1473 (11th Cir. 1986). As set-out above, the issue at stake in the instant case – the validity of this very plaintiff's mortgage under the "split-note" theory – already has been fully litigated in a court of competent jurisdiction. See Orton I, Doc. 21, pp. 6-8. Accordingly, even presuming that the instant case does not fall within the doctrine of *res judicata*, it still is due to be dismissed under collateral estoppel.

### b. Defendants' Alternative Theories

The defendant alternatively asserts that the plaintiff fails to meet the minimum standards of pleading set out in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) and, therefore, the complaint is

due to be dismissed for failure to state a claim on which relief can be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure and that the plaintiff's use of the "split-note" theory is discredited under Alabama law.  Because this action is due to be dismissed pursuant to the doctrines of *res judicata* and collateral estoppel, the court need not address the sufficiency of the Complaint or the merits of the plaintiff's legal theory.

## CONCLUSION

For the reasons set forth herein, the defendant's Motion to Dismiss is due to be GRANTED, and the above-styled case is due to be dismissed.  A final order will be entered contemporaneously herewith.

**DONE** and **ORDERED** on December 13, 2016.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE